■ DOROTHEA PERRY, Appellant, v COLLEGIS, INC., Defendant, and NEW YORK LAW SCHOOL, Respondent. [865 NYS2d 551]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 2, 2007, which granted the motion of de-

fendant New York Law School (NYLS) for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly found that plaintiff's employment agreement with defendant Collegis was terminable at will and thus could only support a claim for tortious interference with prospective contractual relations (*see e.g. Carvel Corp. v Noonan,* 3 NY3d 182, 191-192 [2004]; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 191-192 [1980]). The evidence demonstrates that plaintiff has no tenable claim that NYLS acted for the sole purpose of harming her, or that it utilized "wrongful means" (*see Snyder v Sony Music Entertainment,* 252 AD2d 294, 299-300 [1999]). Plaintiff's contention that her employment was terminated because NYLS threatened not to renew its contract with Collegis is unsupported by the evidence, and, in any event, is an insufficient basis for the tortious interference claim (*see Sumitomo Bank of N.Y. Trust Co. v DiBenedetto,* 256 AD2d 89 [1998], *lv denied* 93 NY2d 804 [1999]). Concur—Mazzarelli, J.P., Andrias, Nardelli and Buckley, JJ.